United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

———————

No. 06-30405
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL CHAD JAMES,

Defendant – Appellant.

———————

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:05-CR-50073-1

———————

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:

Michael Chad James appeals the 84-month sentence imposed by the district court upon his pleading guilty to conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count One") and to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Two").

For Count One, James faced a guideline range of 151 to 188 months based on an offense level of 33, given James's criminal history category of II. For Count Two, James

faced a mandatory minimum sentence of 60 months based on 18 U.S.C. § 924(c)(1). At James's sentencing, the Government filed motions for downward departure from the sentencing guidelines and the statutory minimum on both counts pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)[1] because of James's substantial assistance in the investigation of other individuals involved in drug trafficking. The district court granted both the section 5K1.1 motion and the section 3553(e) motion. The district court departed from the prescribed guidelines range of 151 to 188 months on Count One and sentenced James to 24 months imprisonment. On Count Two, however, the district court determined that it had no authority to depart below the statutory minimum of section 924(c)(1), so the court sentenced James to the statutory minimum of 60 months imprisonment to run consecutively with the sentence in Count One. The court also sentenced James to supervised release upon his release from confinement, for a concurrent term of 5 years on Count One and 3 years on Count Two.

On appeal, James contends that the district court had the authority to depart below the statutory minimum of section 924(c) based on the Government's section 3553(e) motion. This court has not previously addressed whether a Government motion for downward departure based on section 3553(e) gives a district court the discretion to sentence an individual below the mandatory minimums of section 924(c)(1). We now hold that it does.

This court ordinarily lacks authority to review a district court's refusal to depart below

---

[1]*See Melendez v. United States*, 518 U.S. 120 (1996) (discussing motions for downward departure made pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)).

a statutory minimum, but we may review *de novo* a district court's decision that it lacked the authority to do so.[2] The district court's statements at sentencing indicate a belief that it lacked authority to depart below the five-year sentence mandated by section 924(c)(1) despite the Government's section 3553(e) motion:

> Count II is a little different. Count II has to do with the firearm possession in furtherance of a drug trafficking crime. The Court's interpretation is that that's a mandatory five years that's unaffected by Section 3553E or the 5K1 Motion. That is a special enhancement that runs on top of any sentence otherwise handed down. And that's the way I've interpreted it in other cases and I see no reason in this particular case to deviate from that particular stance. Other judges may have other ideas on that. I don't see anything anywhere in the U.S. 5th Circuit juris prudence [sic] indicating that the mandatory minimum five year enhancement to run consecutive to any other sentence handed down. It just appears mandatory under this set of circumstances to me.

The district court believed that section 3553(e) did not apply to the mandatory minimum sentences of section 924(c)(1). We may therefore review the district court's decision that it lacked authority to depart below the mandatory minimum of section 924(c)(1).

Congress gave district courts the limited authority to sentence a cooperating defendant below a mandatory statutory minimum sentence in section 3553(e), which provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence

---

[2]*See United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006) (discussing the district court's refusal to depart below the stated guideline range).

3

> shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .[3]

The district court was correct in determining that nothing in section 3553(e) gives a district court the authority to impose a section 924(c)(1) sentence concurrently with another sentence. Section 3553(e) does, however, give district courts the authority to sentence below the minimum level established by statute upon motion of the Government. Several other circuits have recognized, either implicitly or explicity, that a district court has the authority to depart below a minimum sentence mandated by section 924(c)(1) after the Government files a section 3553(e) motion for substantial assistance.[4] There is also no statutory provision or jurisprudential holding that would prohibit a court from departing below the section 924(c)(1) minimum if the court felt that such a sentence was appropriate. We hold that 18 U.S.C. § 3553(e) applies to the mandatory minimum sentences of 18 U.S.C. § 924(c)(1), and that a Government motion made pursuant to section 3553(e), requesting that the district court depart from the statutory minimums of section 924(c)(1), gives the district court the authority to depart from the section 924(c)(1) mandatory minimums.

---

[3] 18 U.S.C. § 3553(e).

[4] *See United States v. Schaffer*, 110 F.3d 530, 532-33 (8th Cir. 1997) ("We have recognized implicitly that § 924(c)(1) mandates the type of minimum sentence that a district court may decrease following a government's § 3553(e) motion for substantial assistance."); *United States v. Staggs*, 107 F.3d 18 (9th Cir. 1997) (holding that it had no jurisdiction to review the district court's decision not "to depart downward from the statutory minimum sentence contained in 18 U.S.C. § 924(c)(1) despite the government's motion to depart downward under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 . . . [b]ecause the district court is presumed to have known it had discretion to depart and to have exercised its discretion" absent evidence in the record that the district court determined that it lacked such discretion) (unpublished); *United States v. Aponte*, 36 F.3d 1050, 1051-52 (11th Cir. 1994) (upholding a 41-month firearm sentence).

4

Consequently, the 60-month sentence imposed by the district court for Count Two is VACATED and the case is REMANDED for the district court to determine whether to exercise its discretion to depart below the 60-month statutory minimum sentence in light of the Government's section 3553(e) motion.