# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50755
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAUL ALLEN BROWN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-24-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Allen Brown pleaded guilty to aiding and abetting aggravated identity theft. 18 U.S.C. §§ 1028A(a)(1), 2. He now seeks to appeal his sentence on the bases (1) that the court erroneously represented to the parties that a U.S.S.G. § 5K1.1 motion for downward departure was not allowed in cases involving a statutory minimum and (2) that trial counsel was ineffective (a) for not objecting to the court's de facto finding and (b) for not seeking a § 5K1.1 downward departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Brown was properly admonished at rearraignment and that his appeal waiver provision bars his challenge to his sentence. The Government also argues that the record is inadequately developed to address Brown's ineffective assistance of counsel claims.

The record reflects that Brown knowingly and voluntarily waived his right to appeal his conviction and sentence but reserved his right to assert on appeal or in postconviction proceedings claims of ineffective assistance of counsel and prosecutorial misconduct. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Although Brown is correct that it was a misstatement of the law to suggest that a downward departure is not allowed in cases involving a statutory minimum sentence, *see* 18 U.S.C. § 3553(e); § 5K1.1, comment. (n.1), *see United States v. James*, 468 F.3d 245, 247-48 (5th Cir. 2006), the magistrate judge properly admonished Brown, as required by FED. R. CRIM. P. 11, on the consequences of his guilty plea and appeal waiver. The waiver was therefore valid and bars a challenge to his sentence.[1]

The record is not sufficiently developed for this court to resolve Brown's ineffective assistance of counsel arguments. *See United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998). Although defense counsel should have objected to the court's suggestion that a downward departure pursuant to § 5K1.1 was not applicable in this case, the record is not sufficiently developed to determine whether Brown suffered any prejudice from the court's misstatement. Because Brown did not waive a claim of ineffective assistance of counsel, he may pursue such a claim in a timely 28 U.S.C. § 2255 proceeding. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

AFFIRMED.

---

[1] Defense counsel did not specifically address the appeal waiver or respond to the Government's argument regarding the appeal waiver. We caution counsel that pursuing a basis for appeal that is waived by a valid appeal waiver and failing to address the waiver in a reply brief after it is raised by the Government may result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 224 (5th Cir. 1999).