[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00121-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANYA RENEE FLUCKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 27, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Tanya Renee Flucker appeals from her 25-month sentence for her role in a bank fraud conspiracy. Flucker pled guilty, without a written plea agreement, to three counts of the first superseding indictment: conspiracy to commit bank fraud

in violation of 18 U.S.C. § 371, possession of five or more fraudulent identification documents in violation of 18 U.S.C. § 1028(a)(3), and aggravated identity theft in violation of 18 U.S.C. § 1028A. On appeal, Flucker argues that the district court erred in finding that it did not have the authority under 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1 to reduce her sentence below the two-year mandatory minimum sentence for aggravated identity theft, because the United States filed a "substantial assistance" motion for a two-level reduction to her offense level. After thorough review, we affirm.

We review de novo the district court's interpretation of the sentencing guidelines and statutes. United States v. Head, 178 F.3d 1205, 1206 (11th Cir. 1999).

Section 5K1.1 states that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. The limited authority to impose a sentence below a statutory minimum is addressed in § 3553(e). This section states:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the

2

guidelines and policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(e). "The Supreme Court and this Court long have recognized that the government discretion to seek a substantial-assistance reduction is vast." United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008).

Here, in order for the district court to have the authority to depart from the mandatory minimum sentence imposed by 18 U.S.C. § 1028A, the government would first have to request the district court to depart from the statutory mandatory minimum sentence. 18 U.S.C. § 3553; U.S.S.G. § 5K1.1. The government did not do so in this case; rather, the government only moved the district court to grant a two-level reduction in Flucker's offense level.[1] Accordingly, the authority of the district court to reduce Flucker's sentence was limited to this two-level reduction, which is exactly what the district court ordered. Because the district court did not err in imposing the two-level reduction, we affirm Flucker's sentence.

**AFFIRMED.**

---

[1] For this reason, the case upon which Flucker relies, United States v. James, 468 F.3d 245, 248 (5th Cir. 2006) (holding "that a Government motion made pursuant to section 3553(e), requesting that the district court depart from the statutory minimums of section 924(c)(1), gives the district court the authority to depart from the section 924(c)(1) mandatory minimums"), is distinguishable since in that case, the government "request[ed] that the district court depart from the statutory minimums."