# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 09-30843
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN MASSEY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-352-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury found Brian Massey guilty of conspiracy to possess with intent to distribute fifty grams or more of cocaine base (crack cocaine) (Count One), three counts of distribution of five grams or more of crack cocaine (Counts Two, Three, and Six), distribution of crack cocaine (Count Four), possession with intent to distribute 50 grams or more of crack cocaine (Count Eight), two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts Five and Seven), and possession of a firearm by a felon (Count Nine). The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court sentenced Massey to the mandatory minimum of 240 months in prison on Counts One and Eight; to 168 months, at the bottom of the advisory guidelines range, on Counts Two, Three, Four, and Six; to the mandatory minimum consecutive sentence of 60 months on Count Five; to the mandatory minimum consecutive sentence of 300 months on Count Seven; and to the statutory maximum of 120 months on Count Nine.

The district court did not abuse its discretion in denying Massey's second motion for a mistrial based the probation officer's inadvertent, unsolicited statement regarding Massey's arrest on murder charges. *See United States v. Valles*, 484 F.3d 745, 756 (5th Cir. 2007). In light of the entire record, there is no significant possibility that this comment, alone or combined with the comment that formed the basis for Massey's first mistrial motion, had a substantial impact on the jury verdict. *See id.* Moreover, any prejudice was rendered harmless by the limiting instruction. *See id.*

Massey argues that hearsay statements by Tajifa Massey, introduced through testimony by Officer Sharon Pouncy, violated his Sixth Amendment right to confront witnesses against him. Because Massey did not object to these statements on Confrontation Clause grounds, we review for plain error. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). Massey does not address whether Tajifa's statements were "testimonial." Because a Confrontation Clause violation turns on whether the statements were testimonial, *Crawford v. Washington*, 541 U.S. 36, 54, 59, 67 (2004), Massey has failed to show any error, plain or otherwise, in the use of Tajifa's statements.

Massey preserved for review his challenge to the sufficiency of the evidence to support his conviction on Count Five only. FED. R. CRIM. P. 29(a); *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). There was sufficient evidence for a reasonable trier of fact to conclude beyond a reasonable doubt that Massey possessed a gun during the November 27 drug transaction. This court does "not weigh evidence or assess the credibility of witnesses, and the jury is

free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Because Massey did not move for a judgment of acquittal on the other counts that he now challenges on appeal, we "review merely to determine whether the conviction amounts to a manifest miscarriage of justice." *United States v. Aguilar*, 503 F.3d 431, 435 (5th Cir. 2007). "Such a miscarriage of justice would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (internal quotation marks and citations omitted). Our review of the record shows that the evidence relevant to Counts One, Two, Three, Four, and Six is sufficient to survive this standard.

Massey contends that, because the statutory minimum sentence for Count One was greater than the advisory guidelines range, the district court erred by not departing downwardly, especially given the given the "glaring" disparity in sentencing between offenses involving crack and those involving powder cocaine. The district court determined correctly that it lacked authority to impose a sentence on Count One below the statutory mandatory minimum 20-year sentence. *See United States v. Phillips*, 382 F.3d 489, 498-99 (5th Cir. 2004) ("[T]he district court's ability to depart downward from an otherwise applicable statutory minimum is limited to the circumstances explicitly set forth in 18 U.S.C. § 3553(e) and § 3553(f)."); *see also United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008) (rejecting an argument that a statutory minimum sentence was unreasonable because it was greater than necessary to comply with § 3553(a)'s sentencing purposes).

Massey also contends that the district court erred in denying his motion for a downward departure based on sentencing entrapment and sentencing manipulation. There is nothing in the record to indicate that the district court believed, erroneously or otherwise, that it lacked authority to downwardly

depart based on sentence entrapment or sentence factor manipulation.  Instead, the district court denied the motion because it was not warranted under the facts of the case.  Accordingly, we lack authority to review the denial of the motion for a downward departure.  *See United States v. James*, 468 F.3d 245, 246-47 (5th Cir. 2006) (regarding refusal to depart below the statutory minimum sentence); *see also United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006) (regarding refusal to depart below that guidelines range).

AFFIRMED.