**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2011

Lyle W. Cayce
Clerk

No. 10-40519
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL DEWAYNE ANTOINE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CR-103-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gabriel Dewayne Antoine appeals the 60-month prison sentence imposed
for his guilty plea conviction for possession with intent to distribute 17.48 grams
of crack cocaine in violation of 21 U.S.C. § 841(a)(1).

Although § 841(b)(1)(B) no longer prescribes a five-year minimum sentence
for offenses involving at least five but fewer than 28 grams of crack cocaine, *see*
Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, Antoine did not
benefit from the amendment of the statute because he committed his offense,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pleaded guilty, and was sentenced before the act's August 3, 2010 effective date. *See United States v. Doggins*, __ F.3d __, 2011 WL 438935, at *4 (5th Cir. Feb. 9, 2011). Accordingly, former § 841(b)(1)(B)'s five-year minimum sentence for offenses involving at least five grams of crack cocaine applied in his case.

Antoine argues that the district court should have granted his motions for downward departure or variance below that mandatory minimum. We ordinarily lack authority to review a district court's refusal to depart below a statutory minimum, but we may review de novo a district court's decision that it lacked the authority to do so. *United States v. James*, 468 F.3d 245, 246-47 (5th Cir. 2006). The Government did not move for a downward departure based on substantial assistance under 18 U.S.C. § 3553(e), and Antoine was ineligible for a safety valve reduction under § 3553(f) because he had more than one criminal history point. *See* § 3553(f)(1). Accordingly, the district court correctly determined that it lacked the authority to grant Antoine's request for a downward departure. *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007). The district court also lacked the authority to grant Antoine's motion for a nonguidelines sentence below the mandatory minimum. *See United States v. Farias*, 469 F.3d 393, 401 (5th Cir. 2006) ("[W]hatever result the Guidelines yield, the sentence cannot be less than the mandatory minimum."); *see also Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (stating that district courts remain constrained by statutory minimum penalties).

AFFIRMED.