# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2012

Lyle W. Cayce
Clerk

No. 11-40406
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YOLANDA TOVAR, also known as Yolanda Rios,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-290-27

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Yolanda Tovar appeals the 120-month prison sentence imposed for her guilty plea conviction for conspiracy to possess with intent to distribute 38.76 kilograms of marijuana and 6.893 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846. The 120-month sentence imposed was the mandatory minimum sentence pursuant to § 841(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40406

Tovar argues that the district court erred by determining that it could not depart below the mandatory minimum sentence, that the court should have granted her motion for downward departure, and that the district court did not engage in individualized sentencing. She also argues that her sentence was substantively unreasonable. We ordinarily lack authority to review a district court's refusal to depart below a statutory minimum, but we may review de novo a district court's decision that it lacked the authority to do so. *United States v. James*, 468 F.3d 245, 246-47 (5th Cir. 2006). The Government did not move for a downward departure based on substantial assistance under 18 U.S.C. § 3553(e), and Tovar was ineligible for a safety valve reduction under § 3553(f) because she had more than one criminal history point. *See* § 3553(f)(1). Accordingly, the district court correctly determined that it lacked the authority to grant Tovar's request for a downward departure, and her sentence was therefore not unreasonable. *See United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007); *see also United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008). To the extent that Tovar argues that the district court should have required the Government to file a § 3553(e) motion, that argument is without merit because the Government has the discretion, not the duty, to file such a motion, and because Tovar has not argued that the Government's decision not to file the motion was based on an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992).

AFFIRMED.