# United States Court of Appeals
# for the Fifth Circuit

_____

No. 21-51181
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MONICA JEAN JIMENEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-443-1

_____

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Monica Jean Jimenez appeals the 120-month prison sentence imposed for her guilty plea conviction for possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine. The 120-month sentence imposed was the mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-51181

Jimenez asserts that she was entitled to a downward departure pursuant to U.S.S.G. § 5H1.3 based on her history of trauma and various mental conditions and that her sentence was substantively unreasonable. We ordinarily lack authority to review a district court's refusal to depart below a statutory minimum, but we may review de novo a district court's decision that it lacked the authority to do so. *See United States v. James*, 468 F.3d 245, 246-47 (5th Cir. 2006). The Government did not move for a downward departure based on substantial assistance under 18 U.S.C. § 3553(e), and Jimenez was ineligible for a safety valve reduction under § 3553(f). *See* § 3553(f). Accordingly, the district court correctly determined that it lacked the authority to grant Jimenez's request for a sentence below the mandatory minimum, and her sentence was therefore not unreasonable. *See United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004); *see also United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008).

The district court's judgment is AFFIRMED.