United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41401
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JORGE GUAJARDO-GUZMAN

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-184-2
---------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Jorge Guajardo-Guzman ("Guajardo") pleaded guilty to
possessing with the intent to distribute more than five kilograms
of cocaine, in violation of 21 U.S.C. § 841, and was sentenced to
the statutory mandatory minimum term of 120 months of
imprisonment. He now argues, for the first time, that his plea
was involuntary because the magistrate judge who presided over
rearraignment did not adequately admonish him regarding the
effects of supervised release or the application of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing guidelines, as is required by FED. R. CRIM. P. 11.  The argument is reviewed for plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Contrary to Guajardo's assertion, the magistrate judge fully explained the effects of supervised release and also explained the general effect of the sentencing guidelines.  Although the magistrate judge did not fully explain departures under the guidelines, any variance from Rule 11 did not affect Guajardo's substantial rights given that the guidelines range was irrelevant due to the fact that he was subject to a mandatory minimum sentence of 120 months, which fact was specified in his plea agreement and at rearraignment.  Guajardo's complaint that the magistrate judge plainly erred in failing to admonish him specifically regarding safety-valve consideration fails because Rule 11 requires no such admonition and because Guajardo was actually aware of the possibility of safety-valve consideration as it was stipulated in the plea agreement and as he was afforded several opportunities to debrief for that purpose.

For the first time in his reply brief, Guajardo complains that the district court erred in sentencing him under a mandatory guidelines scheme, citing United States v. Booker, 125 S. Ct. 738 (2005).  This court will generally decline to address claims not

raised in an appellant's initial brief.  <u>United States v. Lewis</u>, 412 F.3d 614, 616 (5th Cir. June 14, 2005).  Review is, at most, for plain error.  See <u>United States v. Garcia-Rodriquez</u>, ___ F.3d __, No. 03-40906, 2005 WL 1538993 at *4 n.4 (5th Cir. June 30, 2005).

To demonstrate reversible plain error on his <u>Booker</u> claim, Guajardo must show "that the sentencing judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result."  See <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517) (internal quotation marks and citation omitted).  Guajardo cannot make this showing because, as explained above, he was sentenced to the mandatory minimum sentence dictated by statute.

The district court's judgment is AFFIRMED.