United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

**No. 06-50241**

———————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellant,**

**versus**

**MICHAEL JASON KRUMNOW,**

**Defendant-Appellee.**

———————————————————————————

**Appeal from the United States District Court
for the Western District of Texas
(6:05-CR-48-10)**

———————————————————————————

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The Government challenges Michael Jason Krumnow's receiving a *concurrent*, rather than the statutorily-required *consecutive*, sentence for possession of a firearm during the commission of a drug-trafficking offense. **CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**

I.

Krumnow was charged with:  possession with intent to distribute methamphetamine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a) (drug-possession count); and possession of a firearm during the commission of a drug-trafficking offense, in violation of 18 U.S.C.

§ 924(c)(1)(A)(i) (firearm-possession count). He pleaded guilty to both counts.

The drug-possession conviction was subject to a one-year minimum sentence, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 860(a). The firearm-possession conviction was subject to a 60-month minimum sentence, to be served *consecutive* with the drug-possession sentence. 18 U.S.C. §§ 924(c)(1)(A) ("any person who, during and in relation to any ... drug trafficking crime ..., possesses a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime — (i) be sentenced to a term of imprisonment of not less than 5 years"), (c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the ... drug trafficking crime during which the firearm was ... possessed"). Accordingly, the Presentence Investigation Report (PSR) stated the firearm-possession sentence "shall be consecutive" to the drug-possession sentence.

Although Krumnow filed objections to the PSR, he did *not* object to his firearm-possession sentence's being consecutive. Krumnow also filed a sentencing memorandum, which contained letters from family, friends, and acquaintances, for mitigation-of-punishment purposes.

At sentencing, Krumnow's "only objection", which was unopposed, was to his drug-possession-conviction Guidelines offense level. For that conviction, after the district court made two Guidelines reductions, including for acceptance of responsibility, the advisory Guidelines sentencing range was 63-78 months. The court imposed a below-the-range sentence of 60 months.

For the firearm-possession conviction, after presenting mitigation-of-punishment testimony from Krumnow and his parents, Krumnow's counsel stated: "[I]f [the court] sentence[s] within the [G]uidelines and sentence[s] ... Krumnow *consecutively* ... the punishment in this case really outstrips what [he] needs". (Emphasis added.) In response, the Government requested that Krumnow be sentenced within "the [G]uideline range"; and, later, that the court "sentence within the [G]uideline range as to [the drug-possession conviction] and the 60 months as to [the firearm-possession conviction]".

For the firearm-possession conviction, the district court stated "the mandatory sentence is 60 months"; it then stated it would "depart downward, however" for that sentence, "and impose a period of 60 months ... but to be served concurrently, not consecutively". Although the court gave no reasons for its doing so at sentencing, its subsequent Statement of Reasons, which recognized the firearm-possession sentence was "*concurrent instead of consecutive as is mandated by statute*" (emphasis added), stated:

3

"the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on findings of fact in this case"; and "[t]he sentence imposed is below the advisory guideline range [because of] the nature and the circumstances of the offense and the history and the characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)". (Emphasis in original.)

At sentencing, the district judge stated he was "aware that this is a sentence that the government could easily appeal if it wishes. If it does, I will not be insulted. The government has the right to do that". The court also informed Krumnow of his right to appeal the sentence, "[i]f [he were] foolish enough to do that". Subsequently at sentencing, the Government did *not* object to the sentences' *not* being consecutive.

## II.

In general, pursuant to **United States v. Booker**, 543 U.S. 220 (2005) (Guidelines only advisory), we review sentences for reasonableness. *E.g.,* **United States v. Smith**, 440 F.3d 704, 706 (5th Cir. 2006). "Both a district court's post-**Booker** sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)." *Id.* Concerning the firearm-possession sentence's *not* being consecutive, however, our analysis does *not* turn on whether that sentence was: a "Guideline sentence"; a "Guideline sentence"

4

including a *Guidelines-allowed upward or downward departure*; or a "non-Guideline sentence". *Id.* at 707 (discussing the three different types of post-***Booker*** sentences). Instead, as discussed below, our holding for that issue is mandated by 18 U.S.C. § 924(c).

## A.

First, Krumnow contends the Government's failure to object in district court to the sentences' not being consecutive dictates plain-error review. Although the Government *should* have objected, Krumnow's contention is unavailing.

"Generally, if a party fails to timely raise an issue in district court, we will review it for plain error *unless the party made its position clear to the district court and to have objected would have been futile*." ***United States v. Castillo***, 430 F.3d 230, 242 (5th Cir. 2005) (emphasis added) (citation omitted). In this regard, pursuant to the PSR and its comments at sentencing, the Government made clear its position regarding Krumnow's sentence, including the firearm-possession sentence's being consecutive. Further, the court's comments at sentencing demonstrate the futility of any Government objection to the concurrent, rather than consecutive, sentences.

## B.

For the firearm-possession sentence, "a district court may impose a sentence of imprisonment *below a statutory minimum* ...

*only if*: (1) the Government [so moves] pursuant to 18 U.S.C. § 3553(e)[,] asserting the defendant's substantial assistance to the Government; *or* (2) the defendant meets the 'safety valve' criteria set forth in 18 U.S.C. § 3553(f)". ***United States v. Phillips***, 382 F.3d 489, 499 (5th Cir. 2004) (emphasis added).  Otherwise, post-***Booker*** sentencing courts lack discretion to depart below relevant statutory minimums.  *E.g.*, ***United States v. Robinson***, 404 F.3d 850, 862 (4th Cir.) ("***Booker*** did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."), *cert. denied*, 126 S. Ct. 288 (2005).  This is consistent with the holdings in unpublished opinions by our court.  *See* ***United States v. Johnson***, 156 F.App'x 640, 642 (5th Cir. 2005) (unpublished) ("Nothing in ***Booker*** allows a district court to impose a sentence below the statutory minimum."), *cert. denied*, 126 S. Ct. 1643 (2006); ***United States v. Sepulveda-Rodriguez***, 157 F.App'x 765, 766 (5th Cir. 2005) (unpublished) (rejecting, under plain-error review, the contention that ***Booker*** rendered statutory-minimum sentences discretionary because "***Booker*** is silent as to those issues" and no supporting authority was cited); ***United States v. Guajardo-Guzman***, 149 F.App'x 274, 275 (5th Cir. 2005) (holding, under plain-error review, defendant could *not* show post-***Booker*** sentence would significantly differ from pre-***Booker*** sentence on remand, because

6

"he was sentenced to the mandatory minimum sentence dictated by statute").

Further, this proposition has been at least indirectly recognized in a recent published opinion by our court. *See **United States v. Farias***, 469 F.3d 393 (5th Cir. 2006). Noting the defendant did *not* contend otherwise, our court stated: "a judge['s] ... discretion under **Booker** to sentence below a mandatory minimum [is] a proposition this and other courts have rejected", *id.* at 401 (footnote omitted); and, "whatever result the Guidelines yield, the sentence *cannot* be less than the mandatory minimum", *id.* (emphasis added).

As quoted *supra*, the statutory-minimum sentence for Krumnow's firearm-possession conviction was a 60-month *consecutive* sentence. 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(ii); *see also **United States v. Correa-Ventura***, 6 F.3d 1070, 1084-85 (5th Cir. 1993) ("[section 924(c)'s] mandatory sentence run[s] consecutively rather than concurrently with that of the predicate crime"). The Government did *not* make a § 3553(e) "substantial-assistance" motion. Further, § 3553(f)'s "safety valve" is *not* applicable to the drug-possession offense here, 21 U.S.C. § 860, as the exception is *explicitly* limited to the following offenses: 21 U.S.C. §§ 841, 844, 846, 960, and 963. 18 U.S.C. § 3553(f); *see also **Phillips***, 382 F.3d at 499 (holding § 860 offenses ineligible for § 3553(f) "safety valve"

treatment).  *Krumnow does not contend otherwise*.  Therefore, the district court erred by imposing Krumnow's drug-possession and firearm-possession sentences to run concurrently.

Our court's recent decision in **United States v. James**, 468 F.3d 245 (5th Cir. 2006), "h[e]ld that ... § 3553(e) applies to the mandatory minimum sentences of ... § 924(c)(1), and that a Government motion made pursuant to section 3553(e), requesting that the district court depart from [§ 924(c)(1)'s] statutory minimums ... , gives the ... court ... authority to depart from th[ose] ... minimums".  **Id.** at 248.  Our above holding is entirely consistent with this holding in **James**.

In reaching its holding, **James** discussed the general rule that, upon the Government's filing a § 3553(e) "substantial-assistance" motion, a district court has discretion to depart below § 924(c)(1)'s mandatory minimum sentence; but, it then stated: "There is ... no statutory provision or jurisprudential holding that would prohibit a court from departing below the section 924(c)(1) minimum if the court felt that such sentence was appropriate".  **Id.** at 247-48.  This statement, which is arguably inconsistent with our holding and the above-quoted statements in **Farias**, is simply either subsumed in the analysis for why the § 924(c) sentence may be reduced *if* the Government requests it or is *dictum*.  Restated, this statement in **James** is *not* its holding.

8

*Farias* does *not* cite *James*, rendered only approximately two weeks earlier. Of course, if the statement in *James* is *dictum*, our well-established rule that one panel cannot overrule a prior panel decision absent an intervening change in law is *not* implicated.

### III.

For the foregoing reasons, Krumnow's conviction is **AFFIRMED**; his sentence is **VACATED** and this matter is **REMANDED** for resentencing.

*CONVICTION AFFIRMED; SENTENCE VACATED;*

*REMANDED FOR RESENTENCING*

DeMOSS, Circuit Judge, specially concurring:

I concur fully in all of the holdings of Judge Barksdale's opinion, however I write separately to comment on what I believe the district judge was trying to achieve at sentencing, and to suggest an alternative approach for re-sentencing.

From my reading of the record and the comments made at sentencing, I am persuaded that the district judge felt that a combined sentence of ten years was not appropriate for this defendant, which is why he ordered the two five-year sentences to run concurrent. If I am correct in this assumption, the district court may be able to achieve a similar result by issuing a non-Guideline sentence for the drug-possession charge either at or above the statutory minimum of one year (but below the low-end of the Guideline range), and then run the mandatory five-year sentence for the gun-possession conviction consecutively. Of course at re-sentencing a full and proper explanation must be given for any non-Guideline sentence to justify its reasonableness. The combined sentence that Krumnow could then receive under the applicable statutes could be as little as six years, which would be closer to what I believe the district judge felt was an appropriate sentence for this defendant.[*]

---

[*]The comments that I make in this special concurrence are solely my own opinions and not the opinions or conclusions of any other panel member. I am in no way suggesting that the district judge is bound by this concurrence or that a non-Guidelines sentence will automatically be upheld on appeal.