**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009[*]
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1628

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 02-cr-40055-JPG |
| ARLINDA JOHNS, *Defendant-Appellant.* | J. Phil Gilbert, *Judge*. |

**O R D E R**

Arlinda Johns appeals the denial of her motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). She pleaded guilty in 2003 to conspiring to distribute crack, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 151 months' imprisonment. That term was later reduced to 121 months on her motion after the guideline applicable to crack offenses was amended retroactively. In November 2008 she filed another motion to reduce her sentence,

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

this time hoping to take advantage of a different amendment to the guidelines affecting how criminal history points are calculated.

At Johns's original sentencing hearing, the district court assigned her a Criminal History Category of II, giving her one criminal history point for a misdemeanor marijuana-possession conviction that resulted in a 12-month term of court supervision and two points for committing her current crime while under that supervision. *See* U.S.S.G. § 4A1.1(c), (d). After Johns was sentenced, Amendment 709 changed how misdemeanor offenses are counted in an offender's criminal history. *See* U.S.S.G. § 4A1.2(c), supplement to app. C, amend. 709, at 235-41 (2008).

In her motion Johns asserts that, after Amendment 709, misdemeanors no longer are used to compute an offender's criminal history score, and therefore her criminal history score should be recalculated without reference to her conviction for possession of marijuana. Without that conviction, she continues, her Criminal History Category would be I, and the resulting guidelines range lower.

The district court denied the motion, first, because the court concluded that Amendment 709 had no effect on Johns's criminal history score. Contrary to Johns's assertion, the court stated that, with a few exceptions, misdemeanors are still included in calculating a criminal history score and her marijuana conviction would be treated the same even after the amendment. Second, the court noted that Amendment 709 is not retroactive, so Johns is precluded from taking advantage of the revision even if it were favorable to her.

On appeal Johns argues that the amendment is retroactive because it is a clarifying amendment, rather than a substantive one. Thus, Johns contends, the district court should have considered the factors supporting a lower sentence detailed in her motion, and she asks that her case be remanded for resentencing.

We review questions of law, including interpretations of the guidelines, de novo. *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). A federal prisoner whose sentence has become final cannot take advantage of a later amendment to the guidelines unless it is included in the list of retroactive amendments found in Section 1B1.10(c) of the sentencing guidelines regardless whether the amendment is substantive or clarifying. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Lykes*, 73 F.3d 140, 143 (7th Cir. 1995). Amendment 709 is not listed in § 1B1.10(c), and therefore the district court had no authority to grant Johns's motion. Accordingly, the court had no need to address the reasons Johns gave for a lower sentence—the court did not have the power to reduce her sentence even if it wanted to.

We add, however, that even if Amendment 709 applied to Johns, her criminal history score would be unaffected.  In general, misdemeanor offenses are still included in a criminal history score, with the exception of various listed offenses that the Sentencing Commission deemed to be not serious enough to warrant an increased sentence.  *See* U.S.S.G. § 4A1.2(c), supplement to app. C, amend. 709, at 239 (2008); *United States v. Garrett*, 528 F.3d 525, 528 (7th Cir. 2008).  Possession of marijuana is not similar to any of the listed offenses and therefore was properly included in Johns's criminal history score.  *See United States v. Russell*, 564 F.3d 200, 206-07 (3d Cir. 2009).

AFFIRMED.