**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-10178
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES CHARLES HOWELL, also known as Jay Howell,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-473-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

James Charles Howell appeals the ten-month sentence imposed following the revocation of his supervised release. Howell argues that under 18 U.S.C. § 3583(e), when imposing a sentence upon revocation of supervised release, a district court may consider all of the factors in 18 U.S.C. § 3553(a) as set forth in § 3583(e)(3), except for § 3553(a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." §§ 3583(e); 3553(a)(2)(A). He argues

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court plainly erred when it considered the need to achieve just punishment when imposing his sentence following revocation of his supervised release.

Howell acknowledges that he did not raise this argument in the district court and that review is limited to plain error. To show plain error, Howell must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Howell has not shown that the district court plainly erred in considering the need to achieve "just punishment" in imposing a sentence upon revocation of his supervised release. We have not previously reached this issue and there is a split of authority among other circuit courts regarding whether the need for just punishment can be considered. *See, e.g., United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006); *United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007). Thus, any error that there may have been in the district court's consideration of just punishment, an issue we do not decide here, was not clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir.), *cert. denied*, 128 S. Ct. 487 (2007); *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005). In addition, if there was error, it did not affect Howell's substantial rights; the court gave him a sentence within the guidelines range, and Howell points to nothing to show that if the court had not considered the purportedly improper factor, his sentence likely would have been different. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009), *petition for cert. filed*, (June 24, 2009) (No. 08-11099).

AFFIRMED.