# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2011

Lyle W. Cayce
Clerk

No. 10-30206
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SPENCER ROY PETE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-94-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Spencer Roy Pete pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  Although Pete was subject to a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A), the district court sentenced Pete to 188 months in prison based on the Government's 18 U.S.C. § 3553(e) motion.  The district court ordered the sentence to run consecutively to Pete's undischarged state probation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30206

revocation sentence. Pete appeals, arguing that the imposition of a consecutive sentence is substantively unreasonable in light of § 3553(a).

We review a sentence, including its consecutive nature, for procedural error and substantive reasonableness in light of the Sentencing Guidelines and the factors set out in § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *see United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006). Because Pete failed to object to his sentence in the district court for the reasons he argues on appeal, we will review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002).

Pete's arguments regarding the substantive reasonableness of his sentence are unavailing. When determining a defendant's sentence, the district court is required to make an individualized assessment based on the facts presented. *Gall*, 552 U.S. at 50. In the instant case, the district court conducted the individualized assessment required. It adopted the PSR's findings of fact and calculations and considered the parties' arguments regarding the appropriate sentence. It also reviewed the § 3553(a) factors, explaining how its chosen sentence satisfied those factors. The record reflects that the district court "thoroughly and adequately articulated several § 3553(a) factors" that justified the sentence it imposed. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.2008).

Pete argues that the district court failed to consider the nature and circumstances of the offense and his own history and characteristics. In so arguing, Pete seeks to have this court re-weigh the § 3553(a) factors. A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See, e.g.*, *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

No. 10-30206

Pete also argues that his sentence is substantively unreasonable because his two prior felony convictions and his parole status were already accounted for in the calculation of his criminal history category. The district court was entitled to give these factors additional weight even though they were already accounted in the calculation of Pete's advisory range. *See Lopez-Velasquez*, 526 F.3d at 807.

Pete further argues that his sentence resulted in an unwarranted sentencing disparity under § 3553(a)(6) because his codefendants were sentenced to less prison time. "A mere disparity of sentences among codefendants does not, alone, constitute abuse of discretion." *United States v. Lemons*, 941 F.2d 309, 320 (5th Cir. 1991). The record in the instant case does not reveal the reasons for Pete's codefendant's sentences. It also fails to reveal whether Pete is similarly situated to his codefendants. Thus, we are unable to determine whether an unwarranted sentencing disparity occurred.

Pete also argues that the district court, by imposing a consecutive federal sentence, essentially imposed a unlawful life sentence. Pete's argument is unavailing. Had the Government not filed its § 3553(e) motion, Pete would have been sentenced to life in prison. *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007); *see also Kimbrough v. United States*, 552 U.S. 85, 108 (2007).

Thus, Pete has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Rodriguez*, 523 F.3d at 525-26. Pete has failed to show error, plain or otherwise.

AFFIRMED.