# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2011

No. 10-50330

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

RICARDO VENTURA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 7:09-CR-292-9

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The government appeals the sentence imposed by the district court on the grounds that it failed to consider the defendant's criminal history as set forth in the revised PSR. Because any error committed by the district court was not clear or obvious, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50330

## I.

Ricardo Ventura pleaded guilty to conspiracy to distribute and posses with intent to distribute cocaine. The initial PSR indicated that Ventura had no criminal history points. Because of his lack of criminal history, Ventura satisfied the requirements for application of the safety valve. *See* U.S.S.G. § 5C1.2(a)(1). The initial PSR further recommended a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. A revised PSR was submitted the day before Ventura's sentencing hearing. The revised PSR amended Ventura's criminal history score from I to II, to reflect two prior state court convictions for misdemeanor possession of marijuana. The revision to the criminal history score resulted in Ventura no longer being eligible for application of the safety valve reduction or the three-level reduction for acceptance of responsibility.

At sentencing, Ventura objected to the amended PSR's recommendation that he was no longer eligible for a three-level reduction for acceptance of responsibility. In response to Ventura's objection, the district court stated it would "give Ventura the benefit of the doubt [and] just go with the original calculation" on the three-level reduction for acceptance of responsibility. When imposing the sentence, the district court, without stating its reasons, concluded that Ventura's total offense level was 17, his criminal history category was I, and that his guideline sentencing range was 24 to 30 months. The district court sentenced Ventura to 27 months of imprisonment. After the sentence was imposed, the probation officer alerted the court that Ventura was no longer eligible for the safety valve reduction and therefore the mandatory minimum sentence would apply. The district court stated "if the [g]overnment wants to appeal, they can appeal. I'm not going to go back over that." The government made no objections during the sentencing hearing.

No. 10-50330

**II.**

On appeal, the government argues for the first time that the district court committed error by applying the safety valve reduction when the revised PSR indicated that Ventura had more than one criminal history point. In response to the government's argument, Ventura asserts that pursuant to U.S.S.G. § 4A1.2(c) his misdemeanor possession of marijuana offenses, for which he paid only a fine, should not be calculated as part of his criminal history score. Ventura argues that his marijuana offenses are Class B misdemeanors that carry the same punishment as the offenses listed in § 4A1.2(c) and are therefore "similar to" the listed offenses.

**III.**

Because the government failed to object to the district court's calculation of Ventura's criminal history score and application of the safety valve, this court reviews the government's arguments on appeal for plain error. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007) (reviewing district court's downward departure for plain error when government raised error for first time on appeal).[1] Under our plain error standard, the government must show an error that is plain and that affects substantial rights. *See United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008). Further, "we cannot correct an error that was not preserved unless the error 'seriously affect[s] the fairness, integrity or public

---

[1] After the district court imposed the sentence and while it was recommending a drug treatment program, the probation officer alerted the district court to the applicability of the safety valve. The probation officer's statements after the sentence had been imposed were insufficient to preserve error on behalf of the government. The Probation Department is an arm of the court, not a representative of the government's interests. *See United States v. Talbert*, 501 F.3d 449, 453 (5th Cir. 2007). Counsel for the government spoke only once at the sentencing hearing—to state his appearance. The government had at least two opportunities to object to the district court's sentence when the alleged error could have been corrected, but did not. As such, the government failed to make *its* position clear to the district court such that any objection would be futile. *See United States v. Krumnow*, 476 F.3d 294, 296-97 (5th Cir. 2007).

reputation of judicial proceedings.'" *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The district court may not impose a sentence below the statutory minimum sentence unless the government moves for a sentence reduction based on the defendant's substantial assistance or the defendant qualifies for a safety-valve sentence reduction as set forth in 18 U.S.C. § 3553(f)). *United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008). The government did not move for a reduction of Ventura's sentence. Thus, the district court committed error if it improperly applied the safety value reduction. The safety valve does not apply when a criminal defendant's history score is more than I. U.S.S.G. § 5C1.2(a)(1). In this case, it would be error for the district court to apply the safety value reduction to Ventura's sentence if the possession offenses should not have been counted as part of his criminal history score. If the possession offenses are not counted, Ventura would have a criminal history score of I.

U.S.S.G. § 4A1.2(c)(2) provides that sentences for certain listed prior offenses and "offenses similar to them, by whatever name they are known, are never counted." Ventura asserts that misdemeanor possession of marijuana is similar to the listed offense of public intoxication. *See* U.S.S.G. § 4A1.2(c). At least one court has disagreed with Ventura's argument. *See United States v. Russell*, 564 F.3d 200, 206-07 (3d Cir. 2009) (finding that it would be "absurd" if a conviction of misdemeanor marijuana possession were not counted in a defendant's criminal history calculation); *see also United States v. Collington*, 2011 WL 971103, at \*3 (4th Cir. Mar. 21, 2011) (slip copy) (holding that defendant's conviction for marijuana possession for which he received a fine merits a criminal history point pursuant to § 4A1.2(c)); *United States v. Johns*, 347 F. App'x 240, 242 (7th Cir. 2009) (finding that possession of marijuana is not similar to any of the offenses listed in § 4A1.2(c) and should thus be counted in defendant's criminal history score).

No. 10-50330

We need not determine whether misdemeanor possession of marijuana is not similar to public intoxication such that the district court committed error when it failed to include the possession offenses in Ventura's criminal history score, because any error was not plain. Whether misdemeanor possession of marijuana is similar to an offense listed in § 4A1.2(c)(2) has not previously been decided by this court. Accordingly, any error by the district court was not clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007); *see also United States v. Alcala-Avalos*, 373 F. App'x 431, 433 (5th Cir. 2010) (finding that a lack of published Fifth Circuit decisions renders any error "not obvious"); *United States v. Howell*, 351 F. App'x 959, 960 (5th Cir. 2009); *United States v. Fambro*, 526 F.3d 836, 847 (5th Cir. 2008). Moreover, the government has failed to show that any error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Olano*, 507 U.S. at 732 (citations omitted). Ventura's sentence should therefore be affirmed.

AFFIRMED.

No. 10-50330

JERRY E. SMITH, Circuit Judge, dissenting:

The majority holds that the government bears the burden of showing that the district court committed plain error by failing to include Ventura's marihuana offenses in his criminal history score. That conclusion is incorrect, because the court never ruled on whether they should be included. Instead, it arbitrarily dismissed the revised presentence report ("PSR") and sentenced Ventura according to the original PSR, stating that "in this case I will give you the benefit of the doubt. We will just go with the original calculation." But the court cannot "just go" with anything; it must have reasons for its judgment.[1] It thus committed plain error by ignoring relevant information about a criminal history without reason.

To avoid the obvious conclusion that the district court erred, Ventura raises on appeal, for the first time, the argument that his marihuana convictions should not be counted because they are "similar to" the offenses listed in U.S.S.G. § 4A1.2(c). But we need not credit some imaginary "decision" that the marihuana convictions were similar to the § 4A1.2(c) offenses. Indeed, nobody even mentioned § 4A1.2(c) at the sentencing hearing, and there is no indication that that guideline played a role in the decision. Because the court did not rule on the § 4A1.2(c) question, there is no "decision" for us to review, for plain error or otherwise.

Even if we take the relevant error to be some imaginary "ruling" on whether to count Ventura's marihuana convictions, the objection of the probation officer, set forth in the PSR, is sufficient to preserve the error. The majority cites

---

[1] *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

*United States v. Talbert*, 501 F.3d 449, 453 (5th Cir. 2007), to support its conclusion that a probation officer cannot preserve error on behalf of the government. But *Talbert* was a decision confirming a probation officer's power to make certain sentencing decisions as an arm of the court. *Talbert* did not purport to address the circumstances under which a probation officer may preserve error, and it has nothing to say on that matter.

Waiver is not some formalistic game of "gotcha" in which a party must incant certain magic words. Instead, its purpose is highly functional, "to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them." *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). That purpose is perfectly served by allowing the probation officer to bring an error to the court's attention so it can correct it.

Our adherence to the functional purpose of waiver doctrine is the reason we have often relaxed the objection requirement if a party's position is obvious to the district court and any objection is futile. *See United States v. Krumnow*, 476 F.3d 294, 296-97 (5th Cir. 2007). After the probation officer pointed out that the court should have considered the revised PSR when calculating Ventura's criminal history, the court commented, "Well, if the Government wants to appeal, they can appeal. I'm not going to go back over that." That comment indicated that any further objection was both unnecessary and futile, because the court was plainly aware of the error yet had already resolved not to correct it. The policies of the waiver doctrine were protected, and we should review the error *de novo*, not for plain error.

Because I would vacate the sentence and remand for resentencing, I respectfully dissent.