# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 10-51188
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LANCE EDWARD MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-115-6

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Lance Edward Morris appeals his mandatory minimum sentence of 120 months of imprisonment on his guilty plea conviction for conspiring to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846. We affirm.

Morris contends that the district court erred in failing to order sua sponte an evidentiary hearing to determine if the Government had breached the plea agreement in bad faith by not moving for a departure below the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minimum sentence based on his substantial assistance to the Government; that the district court erred by failing to depart sua sponte below the guidelines range under U.S.S.G. § 5K2.0, based on his cooperation with local enforcement agencies before his federal indictment; and that his right to due process was infringed because there is no bad faith exception to the motion requirement for a downward departure for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Morris further contends that trial counsel rendered ineffective assistance by not moving for specific performance of the plea agreement and by not moving for a downward departure pursuant to § 5K2.0 based on his cooperation with local law enforcement officials.

Because Morris raised none of these issues in the district court, we review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Morris must at minimum point to an error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). As explained below, Morris cannot show plain error because he can show no error at all.

We reject Morris's contentions that the Government breached the plea agreement and that the district court should have proceeded on its own initiative to inquire about the Government's reason for not moving for a departure for substantial assistance, a reason that Morris claims was rooted in bad faith. Section 3553(e) authorizes a district court to depart below a statutory minimum if the Government so moves based on the defendant's having provided substantial assistance to it, with the court to be guided in its sentencing decision by the factors set forth in § 5K1.1. *Melendez v. United States*, 518 U.S. 120, 129-31 & n.9 (1996). The Government has the discretion, not the duty, to file such a motion. *Wade v. United States*, 504 U.S. 181, 185 (1992). Without such a motion a court may not grant a downward departure for substantial assistance. *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007).

The plea agreement makes it clear that Morris did not bargain for a substantial assistance departure but only for the possibility of one—a possibility entirely dependent on the Government's exercising its contractually unfettered discretion in the matter. *See United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996). Also, the district court was without authority to question the Government's choice not to move for a substantial assistance departure because Morris did not allege that the Government's choice pivoted on an unconstitutional basis (e.g., Morris's race or religion or another reason "not rationally related to any legitimate Government end"). *Wade*, 504 U.S. at 186. Consequently, Morris's "unadorned [suggestion] of general arbitrariness must fail.*"United States v. Urbani*, 967 F.2d 106, 110 (5th Cir. 1992). Morris thus fails to demonstrate that the district court had a basis on which to conduct an evidentiary hearing concerning the Government's decision. *See Wade*, 504 U.S. at 185-86; *Urbani*, 967 F.2d at 110-11. We also reject Morris's claim that his due process rights were violated by the lack of a bad faith exception to the rule that a Government motion is necessary for a substantial assistance departure. *See United States v. Aderholt*, 87 F.3d 740, 742-43 (5th Cir. 1996).

Morris asserts that he cooperated with local law enforcement officials before he was indicted in the instant case and is therefore entitled to a downward departure under § 5K2.0 because there exists an aggravating or mitigating circumstance not taken into account elsewhere in the Guidelines. Morris is mistaken. Section 5K2.0 does "not authorize a departure from a statutory minimum sentence." *United States v. Phillips*, 382 F.3d 489, 498 (5th Cir. 2004); *see also Krumnow*, 476 F.3d at 297.

We dismiss Morris's ineffectiveness claims without prejudice to Morris's right to raise them in a 28 U.S.C. § 2255 proceeding. *See United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007); *United States v. Gonzales*, 436 F.3d 560, 581 (5th Cir. 2006).

DISMISSED IN PART; AFFIRMED IN PART.