# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2012

No. 11-51246
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID JAMES BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-30-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David James Brown, federal prisoner # 83171-180, is serving a 120-month sentence for his conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Brown appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the guideline for crack cocaine offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

As the district court determined, Brown was subject to a mandatory 10-year minimum sentence under former 21 U.S.C. § 841(b)(1)(A). A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Regardless of whether § 3582(c)(2) provided the district court with authority to reduce Brown's sentence to the 10-year floor, the Government did not file a motion pursuant to 18 U.S.C. § 3553(e) requesting a sentence below the mandatory minimum; thus, the district court did not have the authority to impose a sentence below 10 years. *See United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004); *see also United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.