# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff–Appellee,

versus

ARMANDO BARDALES,

                              Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-897

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armando Bardales appeals his convictions of, and concurrent sentences

for, conspiracy to possess with intent to distribute a kilogram or more of heroin,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with intent to distribute a kilogram or more of heroin, and importation of a kilogram or more of heroin. Although he contends that the district court erred in excluding expert testimony concerning his diminished mental capacity, he does not brief the standards that apply in determining whether the testimony was admissible. Nor does he identify any error in the district court's reasons for excluding the testimony—*i.e.*, that expert opinion concerning ability to form criminal intent is inadmissible under the Federal Rules of Evidence, that the requirements of *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), were not met, and that the expert failed to produce an adequate expert report. Accordingly, Bardales has waived the issue. *See* FED. R. APP. P. 28(a)(8)(A); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bardales claims that the district court should have taken into account his diminished mental capacity in determining that he did not qualify for the safety valve under U.S.S.G. § 5C1.2. He asserts that his mental condition was part of his history and characteristics that the district court was required to consider.

We review the district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010). The same standard of review is applied to challenges regarding the statutory safety valve. *See United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996). A district court's decision that a defendant is ineligible for a safety valve reduction because he did not fully and truthfully debrief is a factual finding that we review for plain error. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. King*, 773 F.3d

48, 52 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015) (internal quotation marks and citation omitted).

Bardales presents no authority for conflating the requirements that the district court first calculate the correct guidelines range, then consider that range and the other factors under 18 U.S.C. § 3553(a)—including the defendant's history and characteristics—in determining the sentence. *See Gall v. United States*, 552 U.S. 38, 49-50 & n.6 (2007). While calculating the guideline range, the court must find the existence of a number of factors before applying the safety valve, including that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses." 18 U.S.C. § 3553(f)(5); § 5C1.2(a)(5).

The district court considered Bardales's claim that his mental condition prevented him from fully debriefing, but the court found that he failed truthfully to inform the government about his offenses in that he denied knowledge of the heroin. Bardales has not shown that the court's finding of a less-than-truthful debriefing was implausible in light of the record as a whole. Indeed, the finding is supported by the jury's determination that Bardales knowingly committed the offenses. Therefore, he has not shown that the court clearly erred in finding that he failed truthfully to debrief, *see United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011), and thus he fails to show that the court erred in denying the safety valve, *see* § 5C1.2(a)(5).

Bardales similarly claims that the court erred by failing to take into account his diminished mental capacity in deciding that he was not entitled to the downward adjustment for acceptance of responsibility. Because he did not raise that argument in the district court, our review is for plain error. *See United States v. Flora-Ochoa*, 139 F.3d 1022, 1023 (5th Cir. 1998). To show plain error, Bardales must show a forfeited error that is clear or obvious and

No. 15-40013

that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Even assuming—purely for the sake of argument—that the district court erred by failing to consider Bardales's mental condition in determining whether to grant the adjustment for acceptance of responsibility, the error did not affect his substantial rights, because he received the statutory minimum 120-month sentence.  *See* 21 U.S.C. § 841(b)(1)(A)(i); 21 U.S.C. § 960(b)(1)(A).  The district court was unable to sentence him below the statutory minimum in the absence of a motion by the government for substantial assistance or the application of the safety valve.  *See United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007).

Likewise, to the extent Bardales suggests that the sentence is substantively unreasonable because it does not account for his mental illness, he cannot show that any error affected his substantial rights, because he received the statutory minimum.  *See id.*  He thus fails to establish plain error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.