# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JULIAN ABUNDIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1199

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Julian Abundiz, federal prisoner # 37573-279, appeals his 120-month sentence imposed following his guilty plea conviction for possession with intent to distribute approximately 1,626 kilograms of marijuana. Abundiz contends that he should have been eligible for a sentence below the mandatory minimum because both of his prior convictions were misdemeanors, though he concedes that he validly received two criminal history points based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40666

on the prior misdemeanor convictions making him ineligible for the application of the safety valve provision.  He contends that the district court could have departed downward based on other factors, such as his minor role in the offense and the fact that his limited involvement in the offense precluded him from obtaining information to provide substantial assistance to the Government. The Government responds with a motion for summary affirmance, arguing that Abundiz conceded that there were no nonfrivolous issues arising from his guilty plea or sentencing.

A district court has the discretion to depart below a statutory mandatory minimum penalty only under the two circumstances set out in 18 U.S.C. § 3553(e) and § 3553(f).  *See United States v. Phillips*, 382 F.3d 489, 498-99 (5th Cir. 2004).  These circumstances are when the Government files a motion for a reduction of sentence because the defendant has provided it with substantial assistance or if the defendant meets the criteria rendering him eligible for the safety valve provision under § 3553(f).  *Id.* at 499.

The Government did not file a motion for a departure based on Abundiz's substantial assistance.  As Abundiz concedes, the district court did not err in determining that the sentences for his two prior misdemeanor convictions resulted in two criminal history points.  *See* U.S.S.G. § 4A1.1(c); U.S.S.G. § 4A1.2, cmt. (n.2), (n.5).  Therefore, the district court was correct in its determination that it was not authorized to depart below the statutory mandatory minimum sentence  *See United States v. Krumnow*, 476 F.3d 294, 297-98 (5th Cir. 2007); *Phillips*, 382 F.3d at 499.

A summary affirmance is not appropriate in this case; therefore, the Government's motion is DENIED.  *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  The Government's

2

No. 15-40666

alternative motion for an extension of time to file a brief is also DENIED. Abundiz's sentence is AFFIRMED.