# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31163
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DENAIR RILEY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-235-11

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Denair Riley pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, 280 grams or more of cocaine base, and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (B), and 846; and use of a communication facility (telephone) to facilitate that crime, in violation of 21 U.S.C. § 843(b). The plea agreement contained, *inter alia*, a provision that, if Riley cooperated

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and provided "substantial assistance", the Government could, "in its discretion", move for a sentence reduction.

At sentencing, the Government declined to exercise that discretion, citing Riley's lack of cooperation.  The court sentenced him to the statutory mandatory minimum of 240 months' imprisonment.  In challenging that sentence, Riley does not contend his plea agreement was unknowing or involuntary.  Instead, he asserts only that the Government breached the agreement by failing, based on his substantial assistance, to move for a downward departure.  He acknowledges, however, that the Government retained discretion to move for such a departure.

A court cannot grant a downward departure for substantial assistance unless the Government so moves.  *E.g.*, *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007).  "The refusal to move for downward departure is reviewable only for unconstitutional motivation when [the Government's] sole discretion is retained." *United States v. Aderholt*, 87 F.3d 740, 743 (5th Cir. 1996).  Riley fails to claim an unconstitutional motivation, asserting only that his refusal to cooperate was because he feared for his safety.

AFFIRMED.