# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URIEL GOMEZ-SAAVEDRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-690-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Uriel Gomez-Saavedra appeals the mandatory minimum 60-month sentence he received under 21 U.S.C. § 841(b)(1)(B) for the offense of possession with intent to distribute more than 100 kilograms of marijuana. According to Gomez-Saavedra, imposition of the statutory minimum sentence violated the Sixth Amendment. Additionally, he asserts that the statutory minimum in § 841(b)(1)(B) conflicts with other statutory sentencing requirements in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40537

18 U.S.C. § 3661 and 18 U.S.C. § 3553.  The crux of his arguments is that the statutory minimum restricted the district court's discretion to consider other factors in determining his sentence.  Invoking decisions in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, Gomez asserts that the recent emphasis on sentencing courts' discretion requires a new evaluation of statutory minimums.

Because Gomez-Saavedra raises his constitutional and statutory challenges for the first time on appeal, we review for plain error.  *See United States v. Bourgeois*, 423 F.3d 501, 506 (5th Cir. 2005).  He must show an error that is clear or obvious that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three prongs, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

As Gomez-Saavedra acknowledges, this court has rejected post-*Booker* challenges to statutory minimums.  *See, e.g., United States v. Montes*, 602 F.3d 381, 390 (5th Cir. 2010); *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007).  Unless the Government moves for a lower sentence for substantial assistance under 18 U.S.C. § 3553(e) or the safety valve applies under § 3553(f), "post-*Booker* sentencing courts lack discretion to depart below relevant statutory minimums."  *Krumnow*, 476 F.3d at 297.  We also have rejected challenges to statutorily-mandated sentences on separation of powers grounds.  *See, e.g., United States v. Rasco*, 123 F.3d 222, 226 (5th Cir. 1997).

In light of the caselaw supporting the district court's application of the statutory minimum, any error is subject to reasonable dispute and is not clear or obvious.  *See Puckett*, 556 U.S. at 135.  Accordingly, the judgment of the district court is AFFIRMED.