# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 21-60589

United States of America,

*Plaintiff—Appellant*,

*versus*

Ryan Abrams,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CR-88-1

Before Higginbotham, Dennis, and Graves, *Circuit Judges*.
Per Curiam:[*]

Ryan Abrams pleaded guilty, pursuant to a plea agreement, to knowingly receiving explicit images of a minor using facilities of interstate commerce, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Abrams and the Government agreed that his sentence should not exceed the statutory

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60589

minimum of five years of imprisonment. *See* 18 U.S.C. § 2252(b)(1). But the district court ultimately sentenced Abrams below that statutory minimum to 30 months of imprisonment and five years of supervised release. The Government appeals. Because we agree that the district court erred by departing from the statutory minimum, we VACATE and REMAND.

## I.

Under the terms of the agreement, Abrams pleaded guilty to one count of a three-count indictment; in exchange, the Government agreed to dismiss the remaining counts, did not object to a three-level reduction for acceptance of responsibility, and agreed, pursuant to Rule 11(c)(1)(C), that Abrams's sentence should not exceed the statutory minimum of five years of imprisonment. *See* 18 U.S.C. § 2252(b)(1) (setting forth mandatory minimum). The PSR calculated a total offense level of 31 and a criminal history category of I, setting the guidelines range at 108 to 135 months of imprisonment. However, it noted that, subject to the district court's approval, Abrams's plea agreement capped his sentence at the mandatory minimum 60 months of imprisonment. Abrams objected to four discretionary special conditions recommended in the PSR.

The Government requested a sentence in line with the plea agreement and objected to any sentence below the mandatory minimum. Defense counsel requested leniency, highlighting the victim's age (three months shy of 18 at the time of the offense), Abrams's lack of any criminal history, and testimony from a psychiatrist that Abrams was unlikely to reoffend. After considering the circumstances surrounding the offense, Abrams's clean record, and the testimony presented, the court sentenced Abrams to 30 months of imprisonment and five years of supervised release. The Government objected to the sentence "as being an illegal sentence under the

statute." It then filed a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1)(B)(i).

## II.

"Federal law explicitly cabins the district court's discretion in departing downward . . . from a statutory minimum sentence." *United States v. Phillips*, 382 F.3d 489, 498 (5th Cir. 2004) (internal quotation marks omitted). A district court may impose a sentence below the statutory minimum only if the Government makes a motion pursuant to 18 U.S.C. § 3553(e) asserting the defendant's substantial assistance to the Government, or if the defendant meets the "safety valve" criteria set forth in 18 U.S.C. § 3553(f). *Phillips*, 382 F.3d at 499.

Here, the Government objected to any sentence below the statutory minimum, and the "safety valve" in § 3553(f) is not applicable to Abrams's conviction under § 2252. Therefore, the district court erroneously sentenced Abrams to a term of imprisonment below the statutory minimum. *See Phillips*, 382 F.3d at 497-500; *see also United States v. Krumnow*, 476 F.3d 294, 297-98 (5th Cir. 2007). While Abrams now argues that the statutory minimum sentence is unconstitutional as applied to him, he did not raise any constitutional challenge to the mandatory minimum sentence in the district court, and we decline to address the issue in the first instance.

Accordingly, Abrams's sentence is VACATED, and the matter is REMANDED for resentencing.