# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-20027
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Rafael Romero Segura,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-15-1

---

Before Smith, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

The government appeals the imposition of concurrent sentences on Rafael Segura's underlying conviction of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and another federal sentence imposed in a different case for illegal reentry. The government asserts that consecutive sentences are statutorily mandated

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under 18 U.S.C. § 924(c)(1)(D)(iii).

The government preserved this argument in the district court; thus, we review for abuse of discretion. *See United States v. Reyes-Lugo*, 238 F.3d 305, 307–08 (5th Cir. 2001). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005) (internal quotation marks and citation omitted). We review questions of statutory construction or interpretation *de novo*. *United States v. Gomez*, 960 F.3d 173, 176–77 (5th Cir. 2020).

The firearms conviction was subject to a ten-year statutory minimum. *See* § 924(c)(1)(A)(iii). Under the plain language of § 924(c)(1)(D)(ii), that sentence is to be consecutive to any other term of imprisonment, federal or state, and the district court lacked discretion, under 18 U.S.C. § 3584, to impose concurrent sentences. *See United States v. Gonzales*, 520 U.S. 1, 6, 11 (1997); *see also Lora v. United States*, 599 U.S. 453, 455 (2023); *United States v. Krumnow*, 476 F.3d 294, 298 (5th Cir. 2007). "Given the straightforward statutory command" of a consecutive sentence, *Gonzales*, 520 U.S. at 6, the court erred by ordering that Segura's § 924(c) sentence run concurrently with the illegal-reentry sentence, *see id.* at 6, 11; *see also Krumnow*, 476 F.3d at 298.

For the foregoing reasons, Segura's conviction is AFFIRMED, his sentence is VACATED, and this matter is REMANDED for resentencing.